### GILCREASE et ux. v. ANDERSON et ux.
### (No. 2347.)

Court of Civil Appeals of Texas. El Paso. Dec. 12, 1929.

Rehearing Denied Jan. 9, 1930.

E. P. Bryan, of Dallas, for appellants.

Claude C. Westerfeld, of Dallas, for appellees.

WALTHALL, J. Appellees, Charles E. Anderson and wife, brought this suit against appellants, H. L. Gilcrease and wife, to recover the title and possession of a part of lot No. 7, in block No. 20, of the Crowdus & Akard addition to the city of Dallas, Tex.; said block 20 being in city block 200 of the city of Dallas.

The facts are practically undisputed, and, briefly, are substantially as follows:

On July 12, 1926, appellants owned what is described as "that certain tract or parcel of land situated in Dallas County, Texas, being all of Lot No. 7, in Block No. 20, of Crowdus & Akard's Addition to the City of Dallas, Texas, and being in Block 200 of said City."

On the above date appellants, by warranty deed, conveyed to appellees: "All that certain tract or parcel of land situated in the City and County of Dallas, State of Texas, being the rear fifty feet by fifty feet off of Lot seven in Block Twenty of Crowdus & Akard's Addition to the City of Dallas, being in Block 200 of said City."

The lots in block 7 are 125 feet in depth by 50 feet in width, and extend from the street on which they front back to an alley running through the block. A small building is situated on the rear or alley end of lot 7, and for some time prior to the conveyance by appellants to appellees the building was occupied by appellees as tenants of appellants. The lot was not surveyed or staked off by either appellants or appellees at the time of the sale to appellees, and at that time appellees thought the small building was wholly on lot 7. The alley end of lot 7 is fenced, and the fence and small building extend into the alley a distance of between 4 and 5 feet, as indicated by the court in the judgment. Some time about 1891, after appellants had bought lot 7, Hugh Rains, the city engineer or surveyor for the city of Dallas, indicated to appellants the corner in the alley to which lot 7 would extend, and put down an iron pipe at the point indicated. Afterwards appellants put a fence on the line indicated by Surveyor Rains, and appellants have maintained that fence since then. Some 16 years before the filing of this suit, appellants put the little house on the back end of the lot, where Rains put the corner in the alley for lot 7, and where it now is, extending into the alley as stated. When appellants sold the part of lot 7 to appellees, the parcel of the lot sold, 50 feet by 50 feet, was measured off by appellants to appellees from the line on the alley indicated by Surveyor Rains. Without quoting the evidence, recent surveys beyond question show that the part of lot 7 sold by appellants to appellees and pointed out as the ground sold puts appellees partly in the alley.

The case was tried without a jury. The court rendered judgment for appellees, giving them title and possession to the full 50 feet by 50 feet of said lot 7 without encroaching upon the alley.

### Opinion.

While a number of propositions are submitted, they present but one question, namely, Was the court in error in entering judgment for appellees?

Appellants bought and sold the property involved in the suit by lot and block number, and as being a lot in a block in the Crowdus & Akard addition of the city of Dallas. The deed conveying the lot does not show the location on the ground of the lot, block, or alley, or the streets in the blocks in the addition, from anything, such as field notes, showing an actual survey, maps or plats, indicating such locations on the ground of the Crowdus & Akard addition. In other words, the record does not show where the Crowdus & Akard addition located lot 7, block 20, on the ground, nor its situation with reference to the streets or alley running through the block; the conveyances describe the property only by lot and block number in the Crowdus & Akard addition. In legal construction the location of the lot as being in the addition, the addition becomes a part of the deed within the intention and purpose of the parties, and fixes its location with reference to other parts of the addition with its other parts such as other lots, alleys, and streets. If the owners of the addition had pointed out to the original purchaser the location of the lot on the ground, or descriptive matters in the addition, as originally located, had put the lot as claimed by appellants, a different question would be presented. Surveyor Rains, in putting down the iron pipe, was not representing the owners of the addition; his survey in putting down the iron pipe was not shown to be the original survey of the addition so as to require subsequent surveyors to find and follow his footsteps in locating the lot on the ground, the alley, or any part of the addition.

The title of appellants by prescription to a part of the alley, for obvious reasons, could not be tried in this suit, and the court was not in error in finding against appellants on their cross-action.

The case is affirmed.